FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT   E.D.N.Y

★ MAR 10 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CYNTHIA HINES, on behalf of herself          JURY TRIAL DEMANDED
and others similar situated,

      Plaintiffs,  CLASS ACTION COMPLAINT

 -against-      Case No.

OVERSTOCK.COM, INC.    09 - 991

      Defendant.
----------------------------------X

 Plaintiff, Cynthia Hines, individually, and on behalf of all other persons similarly situated, by her undersigned attorney, HARRY I. KATZ, P.C., as and for her Complaint against the defendant, alleges the following based upon personal knowledge as to herself and her own action, and, upon information and belief, as to all other matters, respectfully alleges, upon information and belief, as follows (plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery):

## NATURE OF THE ACTION

1. This action seeks redress for a deceptive and otherwise improper business practice that defendant, Overstock.Com, Inc., engages in with respect to its return policy and imposition of a "restocking" fee for returned items.

2. Defendant unilaterally imposes this so-called restocking fee on returned merchandise. As a result, plaintiff and other customers, have been deprived the benefit of their bargain (i.e., a full refund of the purchase price if the product is returned in its original condition, unused and containing all accessories) resulting in defendant's improper and unlawful monetary gain and benefit.

3. The restocking fee is not fully disclosed to consumers prior to purchase of the merchandise and is grossly disproportionate to the damages actually incurred by defendant when "restocking" returned items.

4. The "restocking" fee is greater than the actual cost of restocking an item.

5. Because the imposition of a "restocking fee" is inadequately disclosed and/or is unrelated to the actual cost of "restocking" an item, it is unreasonable and deceptive.

6. This suit is brought pursuant to New York Business Law Sections 349 and 350, breach of contract, New York and nationwide, fraud, New York and nationwide and common law, New York and nation-wide on behalf of a class of all persons who have been charged a restocking fee upon returning a product purchased from defendant. It seeks, inter alia, compensatory damages, including but not limited to the refund of the fee charged to

consumers, attorneys fees and the costs of this suit.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Section 1332(d), because the matter in controversy in this class action exceeds $5,000,000.00 and because it is a class action in which members of the putative class are citizens of states different from defendant. Defendant Overstock.Com, Inc. is located in Salt Lake City, Utah. Plaintiff is a resident of New York and members of the class reside in New York.

8. Venue is appropriate in this Court because plaintiff is a resident of this District residing in the County of Queens, City and State of New York.

## OPERATIVE FACTS

9. Defendant is an online "closeout" retailer offering merchandise, including bed-and-bath goods, home décor, kitchenware, watches, jewelry, electronics and computers, sporting goods, apparel and designer accessories among other products and offers manufacturers, distributors and other retailers an alternative sales channel for liquidating their inventory.

10. On or about January 8, 2008, plaintiff, Cynthia Hines, purchased from defendant an Electrolux Oxygen 3 Ultra Canister Vacuum for which she paid $299.99.

11. Upon receipt of the product, however, plaintiff realized that rather than receiving a new vacuum cleaner, she, in fact, received a "refurbished" product.

12. Plaintiff returned the product, but rather than receiving the full refund of $299.99 that she paid, she was only credited $269.99. When she questioned why she was not refunded the full $299.99, she was advised by defendant that a "restocking" charge of $30.00 was deducted from her refund.

13. At no time prior to the plaintiff's return of the product did defendant disclose that a "restocking" fee would be charged.

14. Prior to returning the item, plaintiff was advised by defendant that she could return the item with "no cost to (the plaintiff)."

## CLASS ACTION ALLEGATIONS

15.  Plaintiff brings this action as a class action pursuant to Article 9 of the CPLR on behalf of a Class consisting of all defendant's customers who were charged "restocking fees" when returning a product purchased from the defendant.

16.  The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through the appropriate discovery, plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Other members of the Class may be identified from records maintained by defendant and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in class action.

17.  Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendant's wrongful conduct, in violation of statutes that are complained of herein.

18. Plaintiff will fairly and adequately protect the interests of the members of the Class in that she has no interests antagonistic to those of the other members of the Class. Plaintiff has retained experienced and competent counsel.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class members may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually seek redress for the wrongful conduct alleged herein. If Class treatment of these claims were not available, defendant would likely unfairly receive thousands of dollars or more in "restocking" fees.

20. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the common questions of law fact to the Class are:

(a) Whether defendant breached it's agreement with its customers by charging the restocking fee;

(b) Whether defendants breached their duty of good faith and fair dealing by charging the restocking fee;

© Whether defendant engaged in fraudulent or unfair and deceitful practices by charging a restocking fee;

(d) Whether the members of the Class have sustained damages as a result of defendant's wrongful conduct;

(e) The appropriate measure of damages and/or other relief;

(f) Whether defendant has been unjustly enriched by their scheme of charging a restocking fee;

(g) Whether defendant should be enjoined from continuing their unlawful practices, and

(h) Whether defendant's actions constitute violations of the New York General Business Law Section 349 and 350;

21. The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. The names and addresses of substantially all of the members of the Class are available from defendant. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class action.

## AS AND FOR A FIRST CAUSE OF ACTION
(BREACH OF CONTRACT)
New York and Nationwide

22. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

23. Defendant breached its agreement with plaintiff and the Class by failing to refund the full purchase of returned products by charging a "restocking" fee.

24. Additionally, or alternatively, defendant's imposition of a "restocking" fee constitutes a breach of the implied covenant of good faith and fair dealings existing in defendant's agreement with plaintiff and the Class.

25. Plaintiff and the Class have been injured as a result of defendant's breach of its agreement.

26. Defendant is liable to plaintiff and the Class for damages sustained as a result of the breach.

## AS AND FOR A SECOND CAUSE OF ACTION
(Common Law Fraud)
New York and Nationwide

27. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

28. Defendant intentionally made materially false and misleading representation about giving plaintiff and the class full refunds for the merchandise returned.

29. Plaintiff and the Class were induced by, and relied on, defendant's false and misleading representation and omissions and did not know at that time that defendant intended charge a "re-stocking" fee if the customer returned the product.

30. Defendant knew or should have known of its false and misleading representation and omissions. Defendant nevertheless continued aggressively to promote and encourage customers to shop at its website, in a misleading and deceptive manner without corrective disclosures.

31. Had defendant adequately disclosed the so-called "re-stocking" fee, plaintiff would not have purchased the product from defendant.

32. Plaintiff and the Class have been injured as a result of defendant's fraudulent conduct.

33. Defendant is liable to plaintiff and the Class for damages sustained as a result of defendant's fraud, in an amount to be determined at trial.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
<u>Violation of General Business Law Sections 349 and 350</u>
<u>New York</u>

34. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35. Defendant's conduct constitutes deceptive acts or practices and/or false advertising in the conduct of business, trade or commerce or on the furnishing of services in this state which effects the public interest under New York General Business Law Section 349 and 350.

36. Defendant's conduct was materially misleading to plaintiff and the Class.

37. During the Class period, the defendant carried out a plan, scheme and course of conduct which was consumer oriented.

38. Plaintiff and the Class were injured by defendant's conduct.

39. The injuries to plaintiff and the Class were foreseeable to defendant and, thus, failure to disclose the defendant's intended charge of a "restocking" fee upon return of a product.

40. Defendant is liable for injuries sustained by Plaintiff and the Class to the maximum extent allowable under New York General Business Law Sections 349 and 350.

WHEREFORE, plaintiff prays for relief and judgment as follows:

(A) For an Order certifying this action as a Class Action pursuant to the provisions of Article 9 of the CPLR, with plaintiff certified as representative of the Class;

(B) For compensatory damages in favor of plaintiff and the Class;

© For punitive damages on plaintiff's fraud claim, in an amount not less than three times the total damages as determined at trial;

(D) for other damages as prescribed by law, including treble damages in excess of the statutory minium under General Business Law Section 349;

(E) For costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and expenses.

(F) For pre- and post-judgment interest; and

(G) For such other and further relief as the Court deems just and proper.

                          Yours, etc.,

                          HARRY I. KATZ, P.C.
                        Attorneys for Plaintiff

                        BY: VICTORIA L. WEINMAN
                        61-25 Utopia Parkway
                        Fresh Meadows, NY   11365
                        718-463-3700

STATE OF NEW YORK )
)s.s.:
COUNTY OF QUEENS )

_Cynthia Hines_ being duly sworn deposes and says:

Deponent is the plaintiff in the within action and has read the foregoing

_Complaint_

and knows the contents thereof, that the same are true to deponent's own knowledge, except as to

the matters therein stated to be alleged on information and belief and as to those matters

deponent believes them to be true.

_/s/ Cynthia_

Sworn to before me this _3rd_
day of _March_, 200_9_

_/s/ Joann Evers_
Notary Public

JOANN EVERS
Notary Public, State of New York
No. 01EV4988644
Qualified in Queens County
Commission Expires November 12, 2009

**CERTIFICATION**

**Victoria L. Weinman,** an attorney-at-law duly admitted to practice law before the Courts of the State of New York, hereby certifies as follows:

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions herein are not frivolous, as that term is defined in Part 130 of the Rules of the Chief Administrator (22 NYCRR).

DATED:  Fresh Meadows, NY
        March 3, 2009

_____
Victoria L. Weinman