UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CYNTHIA HINES,
*On behalf of herself and others similarly situated,*

                Plaintiff,

-against-

OVERSTOCK.COM, INC.,

                Defendant.

No. 09 CV 00991 (SJ) (RLM)

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS OR STAY FOR
ARBITRATION, OR ALTERNATIVELY, TO TRANSFER VENUE**

Daniel S. Connolly
BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 508-6100
Attorneys for Defendant
Overstock.com, Inc.

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1
BACKGROUND—PLAINTIFF AGREED TO ARBITRATION IN UTAH .............................. 1
ARGUMENT ............................................................................................................................ 4
    POINT I
        THIS ACTION SHOULD BE DISMISSED OR STAYED FOR
        ARBITRATION ............................................................................................ 4
    POINT II
        ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO
        UTAH SO THAT ARBITRATION MAY BE COMPELLED THERE ............... 5
    A.    There is a Mandatory Forum Selection Clause. .................................................... 5
    B.    A Transfer is also Appropriate for Forum Non Conveniens. ................................. 7
        1.    Plaintiff's Choice of Forum Should Be Given Little Weight. ..................... 8
        2.    The Majority of Witnesses Are Located in Utah. ....................................... 9
        3.    The Sources of Proof Are Located in Utah. ............................................. 10
        4.    Convenience of the Parties. ..................................................................... 11
        5.    Locus of Operative Facts. ........................................................................ 11
        6.    Availability of Process to Compel Attendance of Unwilling
            Witnesses. ............................................................................................... 12
        7.    Relative Means of the Parties. ................................................................. 12
CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

Page

**Cases**

*Abramovitz v. Paragon Sporting Goods Co.*
608 N.Y.S.2d 432 (N.Y. App. Div. 1994) .................................................................... 9

*Cont'l Grain Co. v. Barge FBL-585*
364 U.S. 19 (1960) ........................................................................................................ 7

*D.H. Blair & Co. v. Gottdiener*
462 F.3d 95 (2d Cir. 2006) .......................................................................................... 8

*DaPuzzo v. Globalvest Mgmt. Co., L.P.*
263 F.Supp.2d 714 (S.D.N.Y. 2003) ........................................................................... 5

*Hilti AG v. Milwaukee Elec. Tool Corp.*
04-CV-629 (ARR) (ASC) 2004 U.S. Dist. LEXIS 16373 (E.D.N.Y. 2004) .............. 8

*John Boutari & Son Wines & Spirits, S.A. v. Attiki Importers & Distribs., Inc.*
22 F.3d 51 (2d Cir. 1994) ............................................................................................. 6

*Koster v. Am. Lumbermens Mut. Cas. Co.*
330 U.S. 518 (1947) ...................................................................................................... 8

*Merrill Lynch, Penner, Fenner & Smith, Inc. v. Lauer*
49 F.3d 323 (7th Cir. 1995) .......................................................................................... 5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
460 U.S. 1 (1983) .......................................................................................................... 4

*Oppenheimer Fund v. Sanders*
437 U.S. 340 (1978) .................................................................................................... 11

*Phillips v. Audio Active Ltd.*
494 F.3d 378 (2d Cir. 2007) ......................................................................................... 6

*Powerdsine, Inc. v. Broadcom Corp.*
07-CV-2490 (SJF) (WDW), 2008 U.S. Dist. LEXIS 6907 (E.D.N.Y. Jan. 29, 2008) . 5, 6, 7, 8

*PPG Indus., Inc. v. Webster Auto Parts, Inc.*
128 F.3d 103 (2d Cir. 1997) ......................................................................................... 4

*Provident Bank v. Kabas*
141 F.Supp.2d 310 (E.D.N.Y. 2001) ........................................................................... 5

*Quan v. Computer Sci. Corp.*
   CV 06-3927 (CBA) (JO), 2008 U.S. Dist. LEXIS 1360 (E.D.N.Y. Jan. 8, 2008) .......... passim

*Ryan v. Allen*
   992 F.Supp.2d 152 (N.D.N.Y. 1998) ................................................................................. 5

*Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*
   269 F.Supp.2d 356 (S.D.N.Y. 2003) ................................................................................. 5

*Snyder v. Smith*
   736 F.2d 409 (7th Cir. 1984) ............................................................................................ 5

*Stutman v. Chem. Bank*
   731 N.E.2d 609 (N.Y. 2000) ............................................................................................ 9

*Van Dusen v. Barrack*
   376 U.S. 612 (1964) ......................................................................................................... 7

*Vega v. Norwegian Cruise Lines*
   06-CV-3887 (NGG) (SMG), 2007 U.S. Dist. LEXIS 44642 (E.D.N.Y. June 20, 2007) ......... 6

*Wynn v. AC Rochester GMC*
   273 F.3d 153 (2d Cir. 2001) ............................................................................................. 9

**Statutes**

28 U.S.C. § 1391(b) ................................................................................................................ 7

28 U.S.C. § 1391(c) ................................................................................................................ 7

28 U.S.C. § 1404(a) ................................................................................................................ 7

28 U.S.C. § 1406(a) ......................................................................................................... 5, 6, 7

Federal Arbitration Act ("FAA")
   9 U.S.C. § 1 *et seq.* ..................................................................................................... 4, 5

New York General Business Statute §§ 349-350 ................................................................... 9

Defendant Overstock.com, Inc. ("Overstock"), respectfully submits this Memorandum of Law in support of its motion to dismiss or stay for arbitration, or alternatively, to transfer venue. In support thereof, Overstock respectfully shows the Court as follows:

## PRELIMINARY STATEMENT

Plaintiff Cynthia Hines brings this putative class action against Overstock, a leading Internet retailer, based on what is described as an improper "re-stocking" fee for a product she ordered and then chose to return. Overstock's website terms and conditions permit returns, but expressly state that if a customer elects to return a product, through no fault of Overstock, the customer will pay the costs associated with such product's return. ***Plaintiff further agreed to the mandatory arbitration of any dispute arising out of the transaction, and that the venue for such arbitration is Utah.*** For these reasons, as set out in more detail below, this Court should dismiss or stay this action so that it may be arbitrated in accordance with the parties' agreement. Alternatively, this Court should transfer venue to Utah, so that arbitration may be compelled by the United States District Court for the District of Utah.

## BACKGROUND—PLAINTIFF AGREED TO ARBITRATION IN UTAH

Overstock, a Delaware corporation having its principal offices and warehouse operations in Salt Lake City, Utah, is a leading Internet retailer of name brand surplus and close-out merchandise at a discount price. *See* Affidavit of Jacob Hawkins in Support of Defendant's Motion to Dismiss or Stay for Arbitration, or Alternatively, to Transfer Venue, dated April 13, 2009 ("Hawkins Affidavit") ¶¶ 3, 4 attached hereto and incorporated by reference. Overstock's business is almost exclusively Internet based. *Id.* ¶ 3. It does not maintain "brick and mortar" facilities through which it sells merchandise, and it has no facilities of any kind in the State of New York, or any other State. *Id.* ¶ 4. All retail purchases from Overstock are conducted through Overstock's Internet website. *Id.* ¶ 5.

This putative class action is brought by Plaintiff, a resident of Queens County, New York, against Overstock, alleging that Overstock engaged in allegedly deceptive and otherwise improper business practices with respect to so-called "re-stocking" fees. *See generally* Class Action Complaint ("Complaint") ¶¶ 1, 2-5, 8, 23-24, 29-30, 35. However, Plaintiff's allegations are based solely upon her subjective beliefs and her apparent misunderstanding of Overstock's terms and conditions, including but not limited to Overstock's returns and refund policies, applicable to her transaction with Overstock.

As a condition to viewing, browsing, visiting or using Overstock's website, each person must accept Overstock's terms and conditions, which apply to and govern all purchases made by Overstock's customers. Hawkins Affidavit ¶ 5. Here, Plaintiff's claims are based on her purchase and subsequent return of an Electrolux Oxygen 3 Ultra Canister Vacuum. Complaint, ¶¶ 10-13.

By entering Overstock's website, Plaintiff initially agreed to and accepted the following terms and conditions:

> **Entering this Site will constitute your acceptance of these Terms and Conditions. If you do not agree to abide by these terms, please do not enter the Site.**

Hawkins Affidavit, ¶ 5 and Overstock website's Terms and Conditions, attached as Exhibit A. (emphasis in original).

Plaintiff further agreed that the laws of the State of Utah would apply to any dispute that might arise between Overstock and Plaintiff, and that any such dispute would be resolved by arbitration conducted in Salt Lake City, Utah:

> **Applicable Law**
>
> If you access the Site from anywhere in the United States or Canada, **you agree that the laws of the state of Utah, USA, without regard to principles of conflicts of laws, will govern these Terms and Conditions and any dispute of**

> any sort that might arise between you and Overstock.com and/or its Associates.
>
> \*       \*       \*
>
> **Disputes**
>
> If you access the Site from within the United States or Canada, **any dispute relating in any way to your visit to the Site, to these Terms and Conditions,** to our Privacy and Security Policy, to our advertising or solicitation practices **or to products you purchase through the Site shall be submitted to confidential arbitration in Salt Lake City, Utah, USA . . . .** Arbitration under this Agreement shall be conducted under the rules then prevailing of the American Arbitration Association. The arbitrator's award shall be binding and may be entered as a judgment in any court of competent jurisdiction. To the fullest extent permitted by applicable law, no arbitration under this Agreement shall be joined to an arbitration involving any other party subject to this Agreement, whether through class arbitration proceedings or otherwise.

*Id.* (emphasis added).

The terms and conditions also expressly referred Plaintiff to other policies applicable to her transaction, including Overstock's returns policy:

> **Site Policies, Modification and Severability**
>
> **Please review our other policies, such as our Privacy and Security Policy, Returns Policy, Shipping & Delivery Policy and others, all of which are incorporated herein by this reference** and are posted on the Site and may be accessed by using the Search Help function on this page. These policies also govern your visit to the Site.

*Id.* (emphasis added).

Overstock's Standard Return Policy states in pertinent part that new and unopened items can be returned for a full refund, including the cost of shipping, if the return is a result of an Overstock error. *Id.* ¶ 6; Overstock's Standard Return Policy, attached as Exhibit B.

But where, as here, the item is not returned because of an Overstock error, Overstock's Refund Policy provides the customer is entitled to receive a refund of the full cost of the item less the original shipping charge and actual return shipping fees:

> **If the return is not a result of our error...we will refund the full cost of the merchandise minus the original shipping charge and actual return shipping fees.**

*Id.*; Overstock's Refund Policy, attached as Exhibit C (emphasis added and omitting asterisk reference to electronic products).

Plaintiff agreed to and became bound by all the foregoing terms, conditions and policies on January 8, 2009, when she accessed, entered onto and purchased the vacuum through and using Overstock's website. *Id.* ¶ 7. What is more, and contrary to Plaintiff's allegations that she was not aware that she was purchasing a refurbished product, the vacuum in question was plainly and conspicuously identified on Overstock's website as being a "**Refurbished Item.**" *Id.* ¶ 8; Product Description for Electrolux Oxygen3 Ultra Canister Vacuum (Refurbished) and Refurbished or Reconditioned Products description from Overstock website, attached as Exhibit D.

## ARGUMENT

### POINT I

### THIS ACTION SHOULD BE DISMISSED OR STAYED FOR ARBITRATION

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, an aggrieved party may compel arbitration whenever an opposing party has failed, neglected, or refused to comply with an arbitration agreement. 9 U.S.C. §§ 3-4 (2009). The FAA manifests a liberal federal policy favoring arbitration agreements, and any doubts regarding the arbitrability of a dispute are to be resolved in favor of compelling arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997).

Where, as here, a governing arbitration agreement contains a mandatory forum selection clause that requires arbitration in another district, a court must either dismiss or stay the action.

*E.g., Provident Bank v. Kabas*, 141 F.Supp.2d 310, 315 (E.D.N.Y. 2001) (citing *Ryan v. Allen*, 992 F.Supp.2d 152, 154 (N.D.N.Y. 1998)); *Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*, 269 F.Supp.2d 356, 363 (S.D.N.Y. 2003) (citing *DaPuzzo v. Globalvest Mgmt. Co., L.P.*, 263 F.Supp.2d 714, 739 (S.D.N.Y. 2003); *Snyder v. Smith*, 736 F.2d 409, 420 (7th Cir. 1984)). This is because under 9 U.S.C. § 4, a federal district court lacks authority to compel arbitration outside its district. *Sea Spray Holdings, Ltd.*, 269 F.Supp.2d at 363.

As set forth above, Plaintiff's dispute with Overstock is subject to a mandatory and binding arbitration agreement requiring that this dispute be arbitrated in Utah. Accordingly, this action should be dismissed. *Snyder*, 736 F.2d at 420; *Sea Spray Holdings, Ltd.*, 269 F.Supp.2d at 363. Alternatively, if the action is not dismissed, it should nonetheless be stayed pending arbitration. *Provident Bank*, 141 F.Supp.2d at 315; *Ryan*, 992 F.Supp.2d at 154.

The Seventh Circuit Court of Appeals has held that a stay is the preferable method. *Merrill Lynch, Penner, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995). This is because a dismissal "raises the disturbing spectre of forum shopping" and "undermines the certainty and predictability" of arbitration agreements. *Id.* at 330.

## POINT II

### ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO UTAH SO THAT ARBITRATION MAY BE COMPELLED THERE

A.   **There is a Mandatory Forum Selection Clause.**

Under 28 U.S.C. § 1406(a), a district court may dismiss or transfer any case that is filed in an improper venue. *Powerdsine, Inc. v. Broadcom Corp.*, 07-CV-2490 (SJF) (WDW), 2008 U.S. Dist. LEXIS 6907, *18 (E.D.N.Y. Jan. 29, 2008). Specifically, Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or

division in which it could have been brought." 28 U.S.C. § 1406(a) (2009). The Eastern District of New York is the "wrong division or district" for this action because the forum selection clause contained in Overstock's terms and conditions conclusively establishes that venue is proper in Utah.

The Second Circuit employs a four-part analysis to determine when a claim must be dismissed based on a forum-selection clause: (1) was the clause reasonably communicated to the party resisting enforcement; (2) is the clause mandatory or permissive; (3) are the claims and parties involved in the suit subject to the forum selection clause; and (4) has the party resisting enforcement of the clause shown that enforcement would be unreasonable or unjust, or that the clause is otherwise invalid. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007); *Powerdsine, Inc.*, 2008 U.S. Dist. LEXIS 6907 at *7-8. In the instant case, all of the elements are satisfied.

First, all customers to Overstock's website are advised of the company's terms and conditions prior to their entry onto the site, and the terms and conditions reasonably communicate that the laws of the State of Utah shall apply to any dispute of any kind arising between the customer and Overstock. Second, the forum selection clause's exclusive jurisdictional language renders the provision mandatory, and where "mandatory venue language is employed, the clause will be enforced." *Vega v. Norwegian Cruise Lines*, 06-CV-3887 (NGG) (SMG), 2007 U.S. Dist. LEXIS 44642, *10 (E.D.N.Y. June 20, 2007) (citing *John Boutari & Son Wines & Spirits, S.A. v. Attiki Importers & Distribs., Inc.*, 22 F.3d 51, 52 (2d Cir. 1994)); *see also Phillips*, 494 F.3d at 386. Third, the broad language in the clause incorporates all of the parties and claims alleged in Plaintiff's lawsuit, as Plaintiff's allegations relate to transactions where Overstock's customers were charged improper "re-stocking" fees when returning a

product. Fourth, there is no allegation in Plaintiff's pleadings that the forum selection clause is unreasonable, unjust or invalid.

For the foregoing reasons, Plaintiff's dispute with Overstock is subject to mandatory and binding arbitration, pursuant to which this dispute "shall" be arbitrated in Utah. Accordingly, if this action is not dismissed or stayed, this action was filed in the wrong venue and must be dismissed or transferred to Utah under 28 U.S.C. § 1406(a).

**B.   A Transfer is also Appropriate for *Forum Non Conveniens*.**

As established above, Utah is the mandatory forum for this action. However, assuming for argument purposes only that Plaintiff has established venue in the Eastern District of New York, venue is also proper in the United States District for the District of Utah. Venue is proper in Utah because all of Overstock's business is conducted in Utah, Hawkins Affidavit ¶ 4, such that a substantial part of the events giving rise to Plaintiff's claims occurred in Utah. 28 U.S.C. § 1391(b) and (c).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2009). The purpose of § 1404(a) "is to prevent the waste of 'time, energy and money'" and to "'protect the litigants, witnesses and the public unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

In considering a motion to transfer venue under §1404(a), a court must determine: (1) whether the action could have been brought in the proposed transferee forum; and (2) whether the transfer would promote the convenience of the parties, witnesses and would be in the interests of justice. *Powerdsine, Inc.*, 2008 U.S. Dist. LEXIS 6907 at *19 (citing *Hilti AG v. Milwaukee Elec. Tool Corp.*, 04-CV-629 (ARR) (ASC), 2004 U.S. Dist. LEXIS 16373

(E.D.N.Y. July 22, 2004)). The decision to grant a § 1404(a) motion to transfer venue is within the discretion of the district court and "notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *see also Powerdsine, Inc.*, 2008 U.S. Dist. LEXIS 6907 at *19.

When determining whether to transfer venue for the convenience of the parties, a district court may consider: (1) the Plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; and (7) the relative means of the parties. *D.H. Blair*, 462 F.3d at 107; *Quan v. Computer Sci. Corp.*, CV 06-3927 (CBA) (JO), 2008 U.S. Dist. LEXIS 1360, *7 (E.D.N.Y. Jan. 8, 2008). As established below, if the action is not dismissed or stayed, these factors weigh in favor of transferring this action to the United States District Court for the District of Utah.

### 1. Plaintiff's Choice of Forum Should Be Given Little Weight.

Where, as here, the complaint asserts class allegations, a plaintiff's choice of forum is given little deference. Specifically, as stated by the U.S. Supreme Court:

> [W]here there are hundreds of potential plaintiffs . . . all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.

*Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947); *see also Quan*, 2008 U.S. Dist. LEXIS 1360 at *9 (plaintiff who sues as a class representative rather than solely for her own benefit is entitled to less deference in her choice of forum) (internal citations omitted).

The plaintiff's choice of forum is also given less weight "where there is little connection between that forum and the circumstances at issue in the litigation." *Quan*, 2008 U.S. Dist.

LEXIS 1360 at *9 (internal citations omitted). Plaintiff alleges that she purchased merchandise from Overstock's website and that she resides in New York. However, every aspect of the operative transaction took place in Salt Lake City, Utah, including the order and confirmation of Plaintiff's purchase, return and refund, where all of Overstock's customer purchases are processed. Hawkins Affidavit ¶¶ 4-5. Accordingly, while this purchase—and those of the putative class members—could have been initiated in any State, the operative facts that allegedly gave rise to Plaintiff's claims (*i.e.*, the alleged imposition of "re-stocking" fees on customer returns) occurred in Utah. Any contact with New York is, therefore, incidental to these actions.

### 2.   **The Majority of Witnesses Are Located in Utah.**

The most important factor in determining whether to transfer venue is the location of witnesses, especially non-party witnesses. *Quan*, 2008 U.S. Dist. LEXIS 1360 at *14. To recover statutory damages under New York General Business Statute §§ 349-350, Plaintiff and the putative class members must demonstrate that Overstock's return and refund policies were consumer-oriented; misleading in a material way; and that Plaintiff and the putative class members suffered injury as a result of the deceptive act. *See Stutman v. Chem. Bank*, 731 N.E.2d 609, 611 (N.Y. 2000); *Abramovitz v. Paragon Sporting Goods Co.*, 608 N.Y.S.2d 432, 433 (1st Dep't 1994). Similarly, to recover damages for common law fraud, Plaintiff and the putative class members must show that Overstock made a misrepresentation or omission of material fact, which it knew was false, with the intention of inducing reliance upon which the Plaintiff and class members reasonably relied to their injury. *Wynn v. AC Rochester GMC*, 273 F.3d 153, 156 (2d Cir. 2001).

To defend these allegations, Overstock will present testimony regarding, by way of example only: (1) the conspicuous manner in which Overstock advertises and communicates that products are refurbished or reconditioned on its website; (2) the clear manner in which

Overstock's terms, conditions, and return and refund policies are communicated on Overstock's website and accessible to all customers; (3) Overstock's procedures for the return and refund of products, including retaining a portion of a customer's refund to cover shipping charges where the return is not due to Overstock's error; and (4) specific transaction information for Plaintiff and other putative class members.

Specifically, Overstock anticipates that the following Overstock employees may testify during the litigation or arbitration of this action: (1) Jacob Hawkins, Senior Vice President of Change Management, who has knowledge of Overstock's overall operations, customer purchases, and other matters set forth in Plaintiff's Complaint; and (2) Sam Peterson, SVP of Technology, who has knowledge of Overstock's technological processes, communication procedures, and website operations. Hawkins Affidavit ¶ 11. Additionally, as-of-yet unidentified Overstock officers, employees and/or representatives may also be identified as witnesses during the course of discovery and trial. *Id.* ¶ 11. As do all of Overstock's employees, Messrs. Hawkins and Peterson work and reside in Salt Lake City, Utah. *Id.* None of Overstock's employees work or reside in the State of New York. *Id.* ¶ 12. Accordingly, Overstock's employees will be greatly inconvenienced if required to travel to New York for this action, and their absence will disrupt Overstock's operations. *See, e.g., Quan*, 2008 U.S. Dist. LEXIS 1360 at *15 (granting motion to transfer venue from the Eastern District of New York to the Central District of California where all of defendant's employees with knowledge of the plaintiffs' claims worked in California).

### 3. The Sources of Proof Are Located in Utah.

Notably, Plaintiff and her attorneys do not know the identities of the putative class members. Rather, Plaintiff alleges that the putative class members can be ascertained from Overstock's records. Complaint, ¶ 16, 21.

Pursuant to Plaintiff's own allegations, the documents and records that are relevant to this case (*i.e.*, records regarding Plaintiff's purchase; the purchases allegedly made by the putative class members; and Overstock's return and refund policies and procedures) are all generated, located, maintained, and stored in Salt Lake City, Utah. Hawkins Affidavit ¶ 10. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 344-45 (1978) (identity of class members could be ascertained only through defendant's records). Accordingly, venue is more appropriate in Utah, where the sources of proof may be more conveniently accessed.

### 4.   Convenience of the Parties.

Residence is the touchstone for party convenience. *See Quan*, 2008 U.S. Dist. LEXIS 1360 at *16. Overstock's headquarters, principle office and warehouse operations are located in Salt Lake City, Utah, where all of Overstock's business is conducted. Hawkins Affidavit ¶ 4. Overstock does not maintain any "brick and mortar" facilities through which it sells merchandise and has no facilities of any kind in the State of New York. *Id.* ¶ 4. Moreover, all of Overstock's employees reside in Utah. In contrast, Plaintiff is the only class member identified as residing in New York. Accordingly, a transfer to Utah is appropriate if the action is not dismissed or stayed.

### 5.   Locus of Operative Facts.

The locus of operative facts is a significant consideration in determining motions to transfer venue and "[c]ourts routinely transfer cases to the district where the principal events occurred, and where the principal witnesses are located." *Quan*, 2008 U.S. Dist. LEXIS 1360 at *18 (internal citations omitted). Plaintiff alleges Overstock engaged in deceptive acts and/or false advertising in the conduct of its business, specifically in its sale of refurbished items, communication of its return and refund policies, and imposition of "re-stocking" fees. These alleged actions, which will be important to the discovery, litigation, and resolution of this action, occurred in Salt Lake City, Utah. Hawkins Affidavit ¶¶ 3-8; *see also Quan*, 2008 U.S. Dist.

LEXIS 1360 at *20 (misrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received). Accordingly, the material events of this action occurred in Utah, and a transfer of venue is warranted.

### 6. Availability of Process to Compel Attendance of Unwilling Witnesses.

At this early stage in the litigation, and based on the scarce information contained in Plaintiff's Complaint, it is difficult to determine whether non-party witnesses will need to be compelled to appear. Yet, given the fact the material events giving rise to the litigation occurred in Utah and the majority of the witnesses with knowledge of relevant facts relating to Plaintiff's allegations reside in Utah, it is more likely that the United States District Court for the District of Utah will have less difficulty compelling unwilling witnesses to appear rather than the Eastern District of New York. Accordingly, transfer of venue is appropriate.

### 7. Relative Means of the Parties.

Despite a potential economic disparity between Overstock and Plaintiff, this factor alone is insufficient to deny a motion to transfer venue where all other factors weigh in favor of transfer. Moreover, it is Plaintiff's burden to demonstrate financial prejudice by having to litigate her claim in Utah. *Quan*, 2008 U.S. Dist. LEXIS 1360 at *21-22.

Based on the above factors and the mandatory venue provisions requiring litigation of Plaintiff's claims in Utah, if the action is not dismissed or stayed, transfer of Plaintiff's claims to the United States District Court for the District of Utah is proper, so that that Court may compel arbitration.

### CONCLUSION

For the reasons set forth above, Defendant respectfully submits that this motion be granted in all things, and that this case be dismissed in its entirety or stayed for all purposes, so that Plaintiff's claims may be arbitrated. Alternatively, Defendant respectfully submits that this

Court transfer venue of this action to the United States District Court for the District of Utah, so that arbitration may be compelled in that district.

Dated: New York, New York
April 13, 2009

Respectfully submitted,

BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas
19th Floor
New York, New York 10036-2714
Telephone:   (212) 508-6100
Facsimile:    (212) 508-6101
Email: daniel.connolly@bgllp.com

_____
Daniel S. Connolly

ATTORNEYS FOR DEFENDANT,
OVERSTOCK.COM, INC.

OF COUNSEL

J. Tullos Wells
Christopher C. Rulon
Erica E. Valladares
106 S. St. Mary's Street, Suite 800
San Antonio, Texas 78205
Telephone:   (210) 226-1166
Facsimile:    (210) 226-1133
Email:          tulloswells@bgllp.com
                    chris.rulon@bgllp.com
                    erica.valladares@bgllp.com

819443.2

-13-