UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CYNTHIA HINES, on behalf of herself
and others similarly situated,

                     Plaintiff,                 No. 09 CV 00991 (SJ) (RLM)

    -against-

OVERSTOCK.COM, INC.,

                     Defendant.
-----------------------------------------------------------X


MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS
OR STAY FOR ARBITRATION OR TO
TRANSFER VENUE


                                    Harry I. Katz
                                    Harry I. Katz, P.C.
                                    Attorneys for Plaintiff
                                    Cynthia Hines
                                    61-25 Utopia Parkway
                                    Fresh Meadows, NY 11365
                                    (718) 463-3700

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT..................................................................................1

THE FACTS UNDERLYING PLAINTIFF'S CAUSE OF ACTION.......................3

ARGUMENT
    POINT I
        DEFENDANT, IN AN ATTEMPT TO MISLEAD THIS COURT,
        HAS MISREPRESENTED PLAINTIFF'S CLAIM AS ONE FOR
        SHIPPING FEES INSTEAD OF AN UNLAWFUL
        "RESTOCKABLE" FEE..............................................................................4

    POINT II
        PLAINTIFF'S CLAIM IS NOT SUBJECT TO ARBITRATION AS
        THERE HAS NOT BEEN SHOWN TO BE ANY DISPUTE.........................6

    POINT III
        AN ARBITRATION CLAUSE WHICH PROHIBITS CLASS
        ARBITRATION AND REQUIRES THE ARBITRATION OF
        A $30.00 FEE TO BE HELD IN SALT LAKE CITY, UTAH,
        WOULD BE TANTAMOUNT TO AN INABILITY TO
        ASSERT PLAINTIFF'S CLAIM AT ALL AND, THUS, SHOULD
        NOT BE ENFORCED...................................................................................7

    POINT IV
        THE PLAINTIFF, BY ENTERING DEFENDANT'S
        WEBSITE, DID NOT THEREBY AGREE TO ARBITRATION..................9

    POINT V
        VENUE IS PROPER IN NEW YORK.........................................................12

    POINT VI
        NEW YORK IS THE PROPER FORUM FOR THE CONVENIENCE
        OF THE PARTIES AND THE WITNESSES.............................................12

CONCLUSION..........................................................................................................13

TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGE**

In Re: American Express Merchant's Litigation
    554 F.3d 300 (2d Cir. 2009)..........................................................................................2, 7, 8

Doctor's Assocs., Inc. v. Casarotto
    517 U.S. 681, 687 (1996)....................................................................................................9

Cap Gemini Ernst & Young, LLC v. Nackel
    346 F.3d 360, 365 (2d Cir. 2003).......................................................................................9

Specht v. Netscape Communications Corporation
    306 F.3d 17 (2d Cir. 2002)..........................................................................................10, 11

New York Islanders Hockey Club, LLP v. Comercia Bank-Texas
    71 F. Supp. 2d 108 (E.D.N.Y. 1999)................................................................................12

Matera v. Native Eyewear, Inc.
    355 F. Supp. 680 (E.D.N.Y. 2005)...................................................................................13

Peterman v. United States
    2006 WL 2806417 (N.D.N.Y. 2006)................................................................................13

**STATUTES**

New York General Business Law Sec. 349..................................................................................7

9 U.S.C. Sec. 3................................................................................................................................9

9 U.S.C. Sec. 2................................................................................................................................9

Federal Arbitration Act ("FAA")
9 U.S.C. Sec. 1 et seq....................................................................................................................9

28 U.S.C. Sec. 1406(a).................................................................................................................12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
CYNTHIA HINES, on behalf of
herself and others similarly situated,   MEMORANDUM OF LAW IN OPPOSITION TO
                                         DEFENDANT'S MOTION TO DISMISS OR
              Plaintiffs,   STAY FOR ARBITRATION OR TO TRANSFER
                                         VENUE

   -against-
                                         No.  09 CV 00991 (SJ) (RLM)
OVERSTOCK.COM, INC.,

             Defendant.
---------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff, Cynthia Hines, has brought this putative class action against Overstock.com, Inc. (hereinafter "Overstock), an internet retailer, contending that the defendant imposed a fraudulent and unlawful "restockable" fee for an item that she ordered and then returned. Defendant has brought the instant motion to dismiss. For the reasons stated below, and more fully dealt with in the respective point headings, defendant's motion should be denied.

First, regrettably, defendant's motion has been artfully drawn to mislead this Court as to plaintiff's claim. That is, defendant states (last paragraph, page 3 of defendant's Memorandum of Law) that the fee charged to the plaintiff was proper because its Refund Policy provides that "the customer is entitled to receive a refund of the full cost of the item less the original <u>shipping charge</u> and <u>actual return shipping fees</u>." However, plaintiff's claim is not that she was charged a "shipping" fee, but that she was charged a $30.00 "<u>restockable</u>" fee. By matter of factly calling the charge a "shipping fee", the defendant seeks to mislead this Court as to the true claim in this

1

case, an unlawful and improper "<u>restockable</u>"fee. The "restockable" fee was a made-up fee after the return of the item. To be sure, nowhere in Mr. Hawkins' affidavit is there an allegation that Ms. Hines was charged for a return shipping fee, nor is there any allegation that Ms. Hines was rightfully charged a <u>restockable</u> fee!

Next, and perhaps subsumed in the foregoing, if the defendant does not deny that it charged Ms. Hines a <u>restockable</u> fee, (and not a return shipping fee) and the defendant does not allege any right for charging a "restockable" fee, then there is no basis for the defendant to argue that it is entitled to arbitration, because there would be no dispute to arbitrate. More important, defendant, by not claiming a basis for the "restockable" fee, thereby admits that it was never part of any contract between the parties, and, thus, in any event, would not be entitled to "arbitrate" an unlawful fee.

Next, even if the "restockable" fee was a valid fee, inasmuch as defendant's arbitration clause prohibits class arbitration and further requires that the arbitration take place in Salt Lake City, Utah, requiring arbitration for a $30.00 fee would be tantamount to an inability to assert plaintiff's claim at all, and, thus, should not be enforced. <u>See</u> <u>In Re: American Express Merchant's Litigation</u>, 554 F.3d 300 (2d Cir. 2009).

Next, the plaintiff, by entering defendant's website, did not thereby agree to arbitration and certainly not to an arbitration of an unlawful fee that was charged after the return of the item.

Next, plaintiff's cause of action was properly placed in the Eastern District of New York, and the defendant has failed to cite any contractual obligation mandating that the matter be venued in a Utah court.

Finally, defendant has failed to show that transferring this action to the state of Utah

would better serve the convenience of the parties or witnesses and that such a transfer would serve the interests of justice.

For these reasons, as set out more fully below, it is respectfully submitted that defendant's motion be denied.

## THE FACTS UNDERLYING PLAINTIFF'S CAUSE OF ACTION

Cynthia Hines, a resident of Queens County, State of New York, purchased a vaccuum cleaner over the internet from Overstock.com, Inc., an internet retailer, on January 8, 2009. See affidavit of Cynthia Hines, dated, April 23, 2009, submitted in opposition to defendant's motion, attached hereto and incorporated by reference. That same day, January 8, 2009, Ms. Hines received an on line confirmation from Overstock for her order and a charge to her credit card in the amount of $299.99 for the item, plus $2.95 shipping, totaling $302.94. See printout of confirmation, attached as Exhibit "1". Ms. Hines received the vacuum on January 20, 2009. The packaging in which the item was sent to Ms. Hines contained writing on the outside that the item was "refurbished." Upon seeing that the item was not new, Ms. Hines communicated with Overstock through an on-line live chat with Overstock's customer care service. Ms. Hines told the customer service representative that she thought she had purchased a new item but the packaging indicated that the item was refurbished. Defendant's customer service representative told Ms. Hines that he was sending her a free return shipping label and that she would receive a full refund. On February 9, 2009, upon receipt of the return shipping label from Overstock, Ms. Hines sent the item back in its original shipping packaging, unopened. The vacuum was received by Overstock on February 16, 2009. Subsequently, Ms. Hines received a confirmation from Overstock that they had received the return of the item and that they were refunding her $269.99

(see printout of confirmation attached as Exhibit "2".) The confirmation recited that $30.00 had been subtracted from the purchase price because:

> A Restockable with Repackaging has been deducted from your refund because Restockable with Repackaging (sic).

The "restockable" fee was not part of the contract and was fabricated by the defendant after the return of the item and was unlawful.

Plaintiff claims that defendant's conduct constitutes a deceptive business practice under New York law and constitutes unjust enrichment under common law.

## ARGUMENT

### POINT I

### DEFENDANT, IN AN ATTEMPT TO MISLEAD THIS COURT, HAS MISREPRESENTED PLAINTIFF'S CLAIM AS ONE FOR SHIPPING FEES INSTEAD OF AN UNLAWFUL "RESTOCKABLE" FEE

Regrettably, plaintiff respectfully submits that defendant has misrepresented plaintiff's claim of charging an unlawful "restockable" fee as one for a "shipping fee" to the obvious end of misleading this Court. Such practice should not be permitted.

Defendant's "Standard Return Policy" (appended as Exhibit "B" to defendant's motion) provides:

> "You can return most new and unopened items within 30 days of delivery for a full refund. Items must be returned in new or unused condition and contain all original materials included with the shipment. All returned items will be inspected and awarded a partial refund if opened or used[1]. If the return is a result of our error, we will refund the full cost of the merchandise and shipping charges."

---

[1] Defendant does not claim that the item was opened or used. See defendant's memorandum, p. 3, last 2 paragraphs.

4

Defendant's "Refund Policy" (appended as Exhibit "C" to defendant's motion) provides:

> Upon arrival at the Overstock warehouse all returned items are inspected. You will be refunded the full cost of the merchandise and all original shipping charges if your return is a result of <u>our error</u>.
>
> If the return is not a result of our error and your item is returned unopened within 30 days of delivery* we will refund the full cost of the merchandise minus the original shipping charge and actual shipping fees.

Notably, there is no provision for a "restockable" fee and defendant does not cite to any basis for such a fee. Instead, and obviously to bring the fee within the parameters of its "Return and Refund Policies", defendant has artfully drawn its argument alleging that plaintiff's Complaint is about "shipping fees", which it maintains it was entitled to deduct from plaintiff's refund. To that end, defendant sets forth in its memorandum, (p. 2, para. 1):

> This putative class action is brought by plaintiff...alleging that Overstock engaged in allegedly deceptive and otherwise improper business practices with respect to <u>so-called</u> 'restocking' fees. (emphasis supplied)

The obvious import of defendant's use of the words "so-called" is intended to give this Court the erroneous impression that it was plaintiff that termed the charge a "restockable" fee, when, in fact, it was the defendant that termed the charge as a "restockable" fee. <u>See</u> Overstock.com Return Confirmation attached as Exhibit "2". The defendant then goes on to quote extensively from its Return Policies and concludes (defendant's memorandum, p. 3, last para.):

> But where, as here, the item is not returned because of an Overstock error, Overstock's Refund Policy provides the customer is entitled to receive a refund of the full costs of the item <u>less the original shipping charge and actual return shipping fees</u>. (emphasis

5

supplied)

Contrary to defendant's (mis)representation, plaintiff's claim is not that she was wrongly charged for "shipping" fees, but rather for a made up and wholly unlawful "restockable" fee, after the item was returned.

Furthermore, defendant's extensive discussion and insistence that the return of the item was due to Ms. Hines' error and not due to Overstock's error is a "red herring" designed to create an issue that relates to shipping charges and not to plaintiff's claim of an unlawful "restockable" fee[2]. Indeed, to be sure, plaintiff respectfully calls this Court's attention to the fact that nowhere in Mr. Hawkins' affidavit is there any denial that plaintiff was, in fact, charged a "restockable" fee!

In sum, defendant has artfully drawn its memorandum and affidavit to create an erroneous impression that plaintiff's claim is for the "shipping" fees that are covered by defendant's Refund Policy, when, in fact, plaintiff's claim is that the defendant charged a wholly made up "restockable" fee, that has nothing to do with the shipping fee, and was not covered by its Refund Policy.

POINT II

PLAINTIFF'S CLAIM IS NOT SUBJECT TO ARBITRATION
AS THERE HAS NOT BEEN SHOWN TO BE ANY DISPUTE

Assuming, arguendo, that defendant has the right to arbitrate disputes, plaintiff's claim, in

---

[2] For the purpose of this submission, plaintiff does not contend that the item was returned due to Overstock's error.

any even, would not be subject to arbitration under defendant's own submission because, by definition, arbitration must concern a dispute. Indeed, defendant's own rules require arbitration only when there is a "dispute." Here, as set out in plaintiff's Point I, defendant does not anywhere deny that plaintiff was, in fact, charged a new, never defined, "restockable" fee after the return of the item. Clearly, if the plaintiff was charged a "restockable" fee, and the defendant does not claim any basis for such a charge (thus, in effect, admitting its impropriety), then there is no "dispute" to be subject to arbitration.

Also, if there was no basis for a "restockable" fee, then it is a charge that is prohibited by New York's consumer protection laws, specifically, New York General Business Law Section 349. Since defendant has not provided any basis for charging a "restockable" fee, then charging such a fee is prohibited by law and would be inarbitrable.

## POINT III

AN ARBITRATION CLAUSE WHICH PROHIBITS CLASS ARBITRATION AND REQUIRES THE ARBITRATION OF A $30.00 FEE TO BE HELD IN SALT LAKE CITY, UTAH, WOULD BE TANTAMOUNT TO AN INABILITY TO ASSERT PLAINTIFF'S CLAIM AT ALL AND, THUS, SHOULD NOT BE ENFORCED.

In the recent case of In re: American Express Merchants' Litigation, 554 F.3d 300 (2nd Cir. 2009), the Court held that an arbitration clause was not enforceable where, to do so, would grant the defendant de facto immunity from liability by removing plaintiff's only reasonably feasible means of recovery. The same situation is presented here. That is, requiring plaintiff to pursue arbitration, on an individual basis, in Salt Lake City, Utah for a $30.00 fee, would be cost

prohibitive and tantamount to an inability for plaintiff to assert her claim at all. (While the Court in In re: American Express was presented with an expert's affidavit of the costs involved, it is respectfully submitted that the arbitration in that case was local while here, the costs involved in the plaintiff and her attorney just for traveling to Salt Lake City, Utah, as well as lodging expenses and the expenses of the arbitration itself are so obvious and disproportional to the $30.00 sought, the expenses would not justify proceeding with such an arbitration.)

In addition, similar to In re: American Express, supra, plaintiff's claim involves violations of law, and New York's General Business Law Section 349, which prohibits deceptive business practices. If each individual plaintiff were precluded from participating in a collective action, the cost to each individual consumer to arbitrate his or her claim in Salt Lake City, Utah, would be prohibitive relative to each consumer's net recovery. Thus, if defendant's arbitration clause is enforceable, Overstock will be shielded from liability even where it may have violated New York's consumer protection laws.

Also, defendant's requirement of confidentiality makes a requirement of arbitration further unconscionable in that a win by one individual, because of the secretive nature required, could not be used to support a similar consumer's claim.

Clearly, as noted by the Court in In re: American Express, supra, Congress did not intend such results, nor did Congress intend to so empower a defendant such that it can effectively eradicate any enforcement mechanism or incentive to challenge consumer fraud.

POINT IV

THE PLAINTIFF, BY ENTERING DEFENDANT'S WEBSITE, DID NOT THEREBY AGREE TO ARBITRATION

Under the Federal Arbitration Act (FAA), if a case is subject to a contractual provision requiring arbitration, the Court may stay the lawsuit pending the outcome of the arbitration. 9 U.S.C. Sec. 3. However, this requirement does not apply if the arbitration provision is invalid on "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. Sec 2. Thus, contractual defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements in accordance with the FAA. Doctor's Assocs., Inc. V. Casarotto, 517 U.S. 681, 687 (1996). Consequently, the validity of the underlying contract and arbitration agreement must be resolved first as a matter of state law before compelling arbitration. Cap Gemini Ernst & Young, LLC v. Nackel, 346 F.3d 360, 365 (2nd Cir. 2003).

Moreover, contrary to defendant's self-serving assertion, as can be seen from plaintiff's affidavit, plaintiff, by entering defendant's website, or even placing an order, did not thereby agree to arbitrate a "restockable" fee.

It is beyond cavil that, to be binding, notice of the terms of the contract, including the mandatory arbitration provisions must be reasonably conveyed to the consumer either before or at the time of the purchase. Here, even if plaintiff concedes that she was fully aware and agreed to all the terms contained on defendant's website, she would still not be bound to arbitrate the "restockable" fee because none of the terms contained on the website relate to the "restockable" fee she was charged. It bears repeating that defendant does not allege that it, in fact, charged a "restockable" fee, nor that its "User Terms and Conditions" gave it the right to a "restockable"

9

fee. Thus, if the contract did not provide for a "restockable" fee, then a retailer simply cannot make up such a fee after the return of the item and then insist that plaintiff be compelled to go to arbitration on the newly fabricated fee without even claiming the contractual basis to charge the fee. Here, the claim is that the "restockable" fee was an unlawful fee, fabricated after the return of the item. The defendant has not cited any contractual provision substantiating its charge, let alone an agreement that subjects it to arbitration.

Moreover, it is respectfully submitted that the website is designed to focus the consumer's attention on a continuous step by step direction to place an order which causes the consumer to bypass ever getting to the "User Terms and Conditions", and thereby defeats any notice of a compulsory arbitration in Utah. See Specht v. Netscape Communications Corporation, 306 F.3d 17, (2d Cir. 2002). Even if the "restockable" fee was valid, the details with regard to defendant's claim of mandatory arbitration were not made clear on the website and unreasonably required consumers to search the website to find it. As can be seen from the attached printout of defendant's website, the reference to "User Terms and Conditions" is located at the very bottom of the pages of the website. It is not visible at all on the initial opening of the website, but rather requires the visitor to scroll all the way down to the end of the webpage, where the "User Terms and Conditions", printed in small letters, is wedged between what is termed "Privacy Policy" and defendant's trademark.

Even if a consumer scrolled down and saw the words "User Terms and Conditions", it is respectfully pointed out the words have an asterisk after them, which conveys that they relate only to something previously mentioned on the webpage that similarly displays an asterisk. But, the only subject that also has an asterisk on the page is "Promotion Policy." Thus, unless the

10

consumer were interested in the promotion policy, one might not think to click into the "User Terms and Conditions" link even if they did see it.

More to the point, and as similarly factually presented in Specht v. Netscape Communications Corp., supra, upon visiting Overstock's webpage, at the very top of the page, one is immediately invited by a large search box to enter the specific type of item that the consumer is looking for and then to press "search" which then bypasses the reference to "User Terms and Conditions" and takes you immediately to the desired item, which, for the most part, contains photos of the item, a description of the item, its price and its rating. Although the same words are found at the end of all the pictures of vacuum cleaners, some two to three pages down, clicking on the individual item sought to be purchased directs the consumer immediately to another bar that invites the consumer to purchase the item, once again bypassing the site's "User Terms and Conditions", which is only located at the bottom of the page or pages which requires the user to scroll down to see it.

In fairness then, it cannot be said that someone, by logging on to the website, has thereby agreed to arbitration when the "User Terms and Conditions" are only seen by scrolling down and the website itself directs you away from viewing those "User Terms and Conditions." Specht v. Netscape Communications Corporation, supra.

Of course, as previously noted, even if defendant's requirement of arbitration were in large bold flashing letters, since there was no mention of a "restockable" fee in the contract, defendant cannot require arbitration over a post-contract made-up fee. The failure of the defendant to give notice of the "restockable" fee, anywhere on the website, at or before the purchase, renders that fee unlawful and, thus, inarbitrable as it was never part of any contract.

11

Again, it bears repeating that nowhere in defendant's submission does it claim that its "contract" provided for the "restockable" fee charged.

Also, as previously noted, the requirement of a confidential arbitration to be held only in Salt Lake City, Utah, renders any such agreement further unconscionable.

## POINT V

### VENUE IS PROPER IN NEW YORK

Defendant contends that "there is a mandatory forum selection clause", and goes on to quote from 28 U.S.C. 1406(a), that "as the plaintiff has placed the matter in a wrong district, the Judge may transfer the case to any other district or division." Plaintiff takes this to mean that it is defendant's contention that this case must, contractually, be venued in a <u>court</u> in Utah. However, the defendant has not referenced any specific provision in its "User Terms and Conditions" that mandates placing venue in a Utah court, nor is there one. If defendant is arguing that its "User Terms and Conditions" requires <u>arbitration</u> in Utah, it is respectfully submitted that that contention has already been sufficiently addressed in plaintiff's prior points.

## POINT VI

### NEW YORK IS THE PROPER FORUM FOR THE CONVENIENCE OF THE PARTIES AND THE WITNESSES

Defendant has not met its burden for transferring this case on the basis of <u>forum non conveniens</u>. If a party seeks to transfer a case, citing the convenience of witnesses, the party must clearly specify the witness and a statement of what the testimony will cover, a vague generalization does not suffice. See <u>New York Islanders Hockey Club, LLP</u> v. <u>Comercia Bank-Texas</u>, 71 F.Supp. 2d 108 (E.D.N.Y. 1999). Here, defendant has not presented a sufficiently

12

detailed factual affidavit in support of its motion for a transfer of the case, and, thus, has not met its burden of 28 U.S.C. 1406(a) to make a "clear" showing that transfer of the case would be appropriate. See Matera v. Native Eyewear, Inc., 355 F.Supp.680 (E.D.N.Y. 2005); Peterman v. United States, 2006 WL 2806417 (N.D.N.Y. 2006). Indeed, to the contrary, defendant admits that this case is based on Overstock's records. Since Overstock is an on-line retailer, the records are electronic records and are, thus, as easily accessible in New York as they are in Utah. Plaintiff is a resident of Queens County, New York. Her personal testimony as to the transaction is certainly most important and would require her personal attendance. Further, the sale took place in New York. Also, due to the size of the population in New York, it can fairly be estimated that a substantial number of the members of the proposed class would be located in New York. Finally, the economic disparity between Overstock and the plaintiff warrants for maintaining the action in New York.

In sum, defendant has failed to meet its burden of showing that the state of New York is not a convenient forum or that the state of Utah is a more convenient forum.


## CONCLUSION

For the reasons set forth above, plaintiff respectfully submits that defendant's motion be denied in its entirety and for such other relief as this Court may deem just and proper.

DATED:     Fresh Meadows, NY
           April 24, 2009

                                        Respectfully submitted,

                                        Harry I. Katz, P.C.

                                        _____

                                        By: Harry I. Katz (5814)
                                        Attorneys for Plaintiff
                                        CYNTHIA HINES
                                        61-25 Utopia Parkway
                                        Fresh Meadows, NY 11365
                                        (718) 463-3700

TO:    BRACEWELL & GIULIANI
          Attorneys for Defendant
          OVERSTOCK.COM, INC.
          1177 Avenue of the Americas
          New York, NY 10036-2714
          (212) 508-6104