UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA HINES,<br>*On behalf of herself and others<br>similarly situated,*<br><br>         Plaintiff,<br><br>  -against-<br><br>OVERSTOCK.COM, INC.,<br><br>         Defendant. | No. 09 CV 00991 (SJ) (RLM)<br><br>Hon. Sterling Johnson, Jr. |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT'S MOTION TO DISMISS OR STAY
FOR ARBITRATION OR TO TRANSFER VENUE**

                     Daniel S. Connolly
                     Rachel B. Goldman
                     BRACEWELL & GIULIANI LLP
                     1177 Avenue of the Americas
                     New York, New York 10036
                     (212) 508-6100

                     *Attorneys for Defendant
                      Overstock.com, Inc.*

**TABLE OF CONTENTS**

|  | Page |

**TABLE OF AUTHORITIES** ....................................................................................................... ii

**PRELIMINARY STATEMENT** .................................................................................................. 1

**ARGUMENT** ................................................................................................................................ 2

      A.     Overstock Has Established That a Broad Arbitration Provision Mandates That This Action Be Dismissed or Stayed ................................................................. 2

            1.     Plaintiff's Characterization of the Fee at Issue Is Irrelevant ............................ 4

            2.     The Agreement and the Arbitration Provision Are Valid and Binding ........... 4

            3.     A Dispute Clearly Exists .................................................................................. 6

      B.     Plaintiff's Claims That the Class Waiver Clause Is Unenforceable Is Both Unsubstantiated and Contrary to the Law .................................................................. 6

      C.     The Forum Selection Clause in the Arbitration Provision Requires Claims Against Overstock to Be Venued in Utah .................................................................. 9

      D.     Overstock Clearly Demonstrated That a Transfer Based Upon Forum Non Conveniens Is Warranted ............................................................................................ 9

**CONCLUSION** .......................................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*1199 SEIU, United Healthcare Workers East v. Rite Aid Corp.*,
No. 07 CV 4816, 2008 WL 762090 (S.D.N.Y. Mar. 24, 2008) ...................................................... 3

*Ansari v. Qwest Communications Corp.*,
414 F.3d 1214 (10th Cir. 2005) ...................................................... 9

*AT&T Technologies, Inc. v. Communications Workers of America*,
475 U.S. 643 (1986) ...................................................... 3, 4

*DaPuzzo v. Globalvest Management Co., L.P.*,
263 F. Supp. 2d 714 (S.D.N.Y. 2003) ...................................................... 2

*Deaton v. Overstock.com, Inc.*,
No. 07-cv-643, 2007 WL 4569874 (S.D. Ill. Dec. 27, 2007) ...................................................... 7

*Dumanis v. Citibank (South Dakota)*,
No. 07-cv-6070, 2007 WL 3253975 (W.D.N.Y. Nov. 2, 2007) ...................................................... 7

*Green Tree Financial Corp.-Alabama v. Randolph*,
531 U.S. 79 (2000) ...................................................... 6

*Guyden v. Aetna, Inc.*,
544 F.3d 376 (2d Cir. 2008) ...................................................... 8

*In re American Express Merchants Litigation*,
554 F.3d 300 (2d Cir. 2009) ...................................................... 6, 7

*Kuklachev v. Gelfman*,
--- F. Supp. 2d ----, 2009 WL 497628 (E.D.N.Y. Feb. 26, 2009) ...................................................... 3

*Lewis Tree Service, Inc. v. Lucent Technologies, Inc.*,
239 F. Supp. 2d 332 (S.D.N.Y. 2002) ...................................................... 6

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*,
49 F.3d 323 (7th Cir. 1995) ...................................................... 9

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
460 U.S. 1 (1983) ...................................................... 3, 4, 6

*National City Golf Finance v. Higher Ground Country Club Management Co.*,
No. 06 Civ. 7784, 2009 WL 762644 (S.D.N.Y. Mar. 23, 2009) ...................................................... 4

*New York Islanders Hockey, LLP v. Commercia Bank-Texas*,
71 F. Supp. 2d 108 (E.D.N.Y. 1999) ...................................................... 10

**Page(s)**

**CASES**

*Provident Bank v. Kabas,*
  141 F. Supp. 2d 310 (E.D.N.Y. 2001) ...................................................................2, 3, 6, 9

*Ryan v. Allen,*
  992 F. Supp. 2d 152 (N.D.N.Y. 1998) .................................................................................2

*Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc.,*
  269 F. Supp. 2d 356 (S.D.N.Y. 2003) ................................................................................2, 9

*Sherr v. Dell, Inc.,*
  No. 05-cv-10097, 2006 WL 2109436 (S.D.N.Y. July 27, 2006) ........................................7, 8

*Specht v. Netscape Communications Corp.,*
  306 F.3d 17 (2d Cir. 2002) ..................................................................................................3, 5

**STATUTES**

9 U.S.C. § 1 *et seq.* .........................................................................................................................4

Defendant Overstock.com, Inc. ("Overstock") respectfully submits this memorandum of law in further support of its motion to dismiss or stay this action, or in the alternative, to transfer venue.

## PRELIMINARY STATEMENT

Proper venue is the principal issue before the Court. In its initial supporting memorandum, Overstock established that Plaintiff's action should be dismissed or stayed based upon the binding agreement between the parties mandating arbitration in Utah under Utah law. Overstock alternatively demonstrated that transfer of this action to federal court in Utah is warranted due to the forum selection clause in the agreement and based upon the doctrine of *forum non conveniens*.

Plaintiff's opposition contains little more than irrelevant allegations and unsupported arguments, insufficient to overcome the well-established, liberal policy favoring arbitration and clear requirement that any doubts be resolved in favor of arbitration.

It is telling that not once in her brief does Plaintiff deny the existence of the binding agreement between the parties. Indeed, such a denial would be difficult for two reasons: First, there is no basis for such an assertion, and second, such a claim would undermine Plaintiff's breach of contract claim. Plaintiff is not free to pick and choose among the terms of the agreement she is bound by, and the arbitration and forum selection clauses are integral parts of that agreement.

In the hope of gaining the benefit of the contract while evading the arbitration provision, Plaintiff attempts to distract the Court by proffering arguments based on immaterial distinctions in terminology and unsound reasoning. Plaintiff's efforts are unavailing, however, as the arbitration provision is broad and encompasses all of Plaintiff's claims.

Next, Plaintiff attempts to avoid the applicability of the arbitration provision by asserting that the restriction on class action claims is unenforceable because of the perceived expense it

creates. However, this argument too must fail, as Plaintiff provides no more than mere speculation regarding the related costs and misapplies the law on the issue.

In Plaintiff's final attempt to escape the terms of the agreement, she misconstrues the law of forum selection with respect to venue and *forum non conveniens*. The law is clear that arbitration agreements can set the venue for challenges to those agreements, as the agreement did here. Further, Overstock has established that Utah is the more convenient forum, and plaintiff has not made a sufficient showing to counter that result.

Accordingly, Overstock's motion to dismiss or stay the action should be granted, or, alternatively, the action should be transferred to the United States District Court for the District of Utah.

## ARGUMENT

### A. Overstock Has Established That a Broad Arbitration Provision Mandates That This Action Be Dismissed or Stayed

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, where a governing agreement contains a mandatory arbitration provision, and a forum selection clause that requires arbitration in another district, a court must either dismiss or stay the action. *See, e.g., Provident Bank v. Kabas*, 141 F. Supp. 2d 310, 315 (E.D.N.Y. 2001) (citing *Ryan v. Allen*, 992 F. Supp. 2d 152, 154 (N.D.N.Y. 1998)); *Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*, 269 F. Supp. 2d 356, 363 (S.D.N.Y. 2003) (citing *DaPuzzo v. Globalvest Mgmt. Co., L.P.*, 263 F. Supp. 2d 714, 739 (S.D.N.Y. 2003)). As Overstock made clear in its opening brief, any dispute relating to, among other things, purchases made through Overstock's website are subject to mandatory arbitration in Utah and are governed by Utah law. Here, Plaintiff's claims all arise out of and are related to her purchase and return of a vacuum cleaner through Overstock's website. Plaintiff does not deny the validity of the binding agreement between the parties, nor does Plaintiff deny the validity of the arbitration provision. Thus, this action should be dismissed or stayed.

As a condition to viewing, browsing, visiting or using Overstock's website, Plaintiff accepted Overstock's Terms and Conditions, which apply to and govern the purchase that is the basis of this action. *See* Affidavit of Jacob Hawkins in Support of Defendant's Motion to Dismiss or Stay for Arbitration, or Alternatively, to Transfer Venue, dated April 13, 2009 ("Hawkins Aff.") ¶ 5 & Ex. A. Indeed, virtually every webpage on Overstock's website contains a link to Overstock's Terms and Conditions. The relevant and controlling provision is entitled "Disputes," and states, in pertinent part, that "any dispute relating in any way to your visit to the Site, to these Terms and Conditions, . . . to our advertising or solicitation practices or to products you purchase through the Site shall be submitted to confidential arbitration in Salt Lake City, Utah, USA . . . ." *Id.*

By its terms, this arbitration provision is intentionally broad in scope. *See Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 36 (2d Cir. N.Y. 2002) (stating that license agreement requiring arbitration of "all disputes relating to this Agreement" "must be classified as 'broad'"); *see also 1199 SEIU, United Healthcare Workers E. v. Rite Aid Corp.*, No. 07 CV 4816, 2008 WL 762090, at *3 (S.D.N.Y. Mar. 24, 2008) (citing "any and all disputed relating to" language as example of broad arbitration clause). The strong federal policy in favor of arbitration requires courts to resolve any doubts regarding the scope of arbitrable issues in favor of arbitration, *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Provident Bank*, 141 F. Supp. 2d at 315-16, and this policy "applies with greater force when an arbitration clause is a broad one," *Kuklachev v. Gelfman*, --- F. Supp. 2d ----, 2009 WL 497628, at *9 (E.D.N.Y. Feb. 26, 2009) (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)); *see also Specht*, 306 F.3d at 36 ("Where the scope of an arbitration agreement is broad, there arises a presumption of arbitrability."). Accordingly, the arbitration provision clearly subjects all of Plaintiff's claims to mandatory arbitration.

3

1.   <u>Plaintiff's Characterization of the Fee at Issue Is Irrelevant</u>

Plaintiff first attempts to avoid the clear applicability of the mandatory arbitration provision by spending significant time in her opposition brief on the labeling of the fee she challenges in this case. (Pl.'s Opp. Br. at 4-6 & 9-12). However, the characterization of the fee is an irrelevant distraction. The arbitration provision here applies to *any dispute relating in any way to a customer's visit to the website and/or purchase*, Terms and Conditions, *return and refund policies*, and advertising or solicitation practices. Hawkins Aff. ¶ 5 & Ex. A (emphasis added). Thus, the fee – related to Plaintiff's purchase and refund of that purchase – by any name, is governed by the arbitration provision.

Moreover, Plaintiff fails to appreciate the applicable legal standard. Whether the fee charged Plaintiff for returning her purchase, regardless of its classification, is valid goes to the merits of the case, not whether the case is arbitrable, and must be decided by an arbitrator. *See Nat'l City Golf Fin. v. Higher Ground Country Club Mgmt. Co.*, No. 06 Civ. 7784, 2009 WL 762644, at *6 (S.D.N.Y. Mar. 23, 2009) (citing *AT&T Techs.*, 475 U.S. at 649, and *Moses H. Cone*, 460 U.S. at 24-25). It is not properly before the Court on this motion to dismiss or stay.

2.   <u>The Agreement and the Arbitration Provision Are Valid and Binding</u>

In Plaintiff's next attempt to circumvent the broad arbitration provisions, she presents a discussion of general contract propositions that is once again simply irrelevant and distracting. Plaintiff never claims that a valid and binding contract does not exist between the parties. Nor can she. If Plaintiff asserts that no agreement exists, she would have to concede that her cause of action for breach of contract necessarily fails. Similarly, Plaintiff never claims that the mandatory arbitration provision is invalid. As the arbitration provision is contained in the same Terms and Conditions upon which Plaintiff relies for her breach of contract claim, Plaintiff cannot disavow the binding nature of the arbitration provision without also disavowing the contract as a whole. Yet, and

4

to no avail, Plaintiff seeks to nonetheless benefit from the contract while simultaneously escaping the concomitant arbitration provision she dislikes.

Although Plaintiff correctly notes that arbitration provisions can be found invalid based upon "fraud, duress or unconscionability," (Pl.'s Opp. Br. at 9 (citing *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)), Plaintiff never actually argues that any of these grounds apply here. At best, Plaintiff proffers the speculative possibility that an unknown consumer could not be aware of the applicable Terms and Conditions on Overstock's website. (Pl.'s Opp. Br. at 9-11). However, Plaintiff never states that she was unaware of, or did not read, the Terms and Conditions or the arbitration provision. To the contrary, once again, Plaintiff relies upon those Terms and Conditions to support her claims in this action.

Plaintiff's allusion to *Specht v. Netscape Communications Corp.*, 306 F.3d 17, does not alter the analysis. Plaintiff generally cites *Specht* but never actually relies upon it in connection with the facts of this matter. Regardless, *Specht* has little application here. *Specht*, which applies California law, did not entail a breach of contract action but rather concerned the violation of statutory privacy rights resulting from the dissemination of users' personal information following a free download of software. The plaintiffs in *Specht* claimed that there was no agreement at all among the parties, let alone a binding arbitration provision. As explained above, Plaintiff here makes no such claim. Further, the court in *Specht* concluded, in an opinion limited to the facts of that case, that invitations to download free products could not be analogized to typical consumer transactions. *Id.* at 32. That is certainly not the circumstances of the instant case, where Plaintiff entered into a commercial transaction with knowledge of the terms and conditions governing the purchase. Plaintiff's theoretical contemplations do not render the agreement, nor the arbitration provision, any less valid or enforceable, and Plaintiff has made no claim to the contrary.

3.  A Dispute Clearly Exists

Plaintiff's contention that no dispute exists between the parties is remarkable (Pl.'s Opp. Br. at 6-7), and clearly belied by the filing of a lawsuit against Overstock in order to recoup the fee, which Overstock maintains was proper, that Plaintiff alleges is unlawful. Without doubt, a dispute exists between the parties.

* * *

As demonstrated above, the arbitration provision at issue is broad in scope and encompasses all Plaintiff's claims. Even if Plaintiff's arguments were to raise a concern, the Court should nevertheless determine arbitration is required given the strong presumption in favor arbitrability and need to resolve doubts in favor of arbitration. *See Moses H. Cone*, 460 U.S. at 24-25; *see also Provident Bank*, 141 F. Supp. 2d at 315-16. Accordingly, the Court should grant Overstock's motion to dismiss or stay the action. *See Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 239 F. Supp. 2d 332, 340 (S.D.N.Y. 2002) (noting dismissal is appropriate where all claims presented are arbitrable).

### B. Plaintiff's Claims That the Class Waiver Clause Is Unenforceable Is Both Unsubstantiated and Contrary to the Law

As Plaintiff cannot disclaim the validity of the arbitration provision, Plaintiff attempts to render the class waiver clause unenforceable by claiming that without class action arbitration, arbitration is prohibitively expensive. However, Plaintiff's reliance on *In re American Express Merchants Litigation*, 554 F.3d 300 (2d Cir. 2009), is misplaced. Plaintiff fails to satisfy the requirements for invalidating a class action arbitration waiver set forth in *In re American Express* and ignores the Second Circuit's express restriction of the holding in that case.

The law is clear that "when 'a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs.'" *Id.* at 315 (quoting *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000)). Unlike in *In re American Express*, where the plaintiff filed a

6

detailed expert affidavit concerning costs relative to the complex antitrust issues in that case, here Plaintiff has made no showing of the allegedly prohibitive costs she faces, aside from speculative concerns over travel costs and the arbitration costs. However, "[t]he 'risk' that [plaintiff] will be saddled with prohibitive costs is too speculative to justify invalidation of an arbitration agreement. To invalidate the agreement on that basis would undermine the 'liberal federal policy favoring arbitration agreements.'" *Randolph*, 531 U.S. at 91.

In addition, Plaintiff's travel and arbitration cost concerns are mitigated by the American Arbitration Association ("AAA") rules, which apply to any arbitration with Overstock. In *Deaton v. Overstock.com, Inc.*, No. 07-cv-643, 2007 WL 4569874 (S.D. Ill. Dec. 27, 2007), the court faced the same argument regarding class action waiver unenforceability due to cost concerns. The court reviewed the AAA rules and found that the plaintiff's claims concerning travel expenses were mitigated by the AAA's use of telephonic proceedings for consumer arbitration. *Id.* at *2. The same telephonic proceedings eliminate Plaintiff's travel expense claims in the instant action. In addition, the court in *Deaton* noted that the AAA provides pro bono arbitration for individuals with financial constraints. *Id.* In the instant action, Plaintiff never states she is unable to afford arbitration. Nor does Plaintiff attempt to explain how the costs of arbitration differ from that already incurred by her instant litigation.

Plaintiff also ignores the very narrow holding of *In re American Express*. In that case the Second Circuit expressly "stress[ed] . . . that class action waivers in arbitration agreements are [not] *per se* unenforceable." *In re American Express*, 554 F.3d at 321. Rather, the court held that "each case which presents a question of the enforceability of a class action waiver in an arbitration agreement must be considered on its own merits." *Id.* Indeed, the court highlighted two cases that found class action waivers in mandatory arbitration clauses were enforceable. *Id.* at 302 n.1 (citing *Sherr v. Dell, Inc.*, No. 05-cv-10097, 2006 WL 2109436 (S.D.N.Y. July 27, 2006), and *Dumanis v. Citibank (S.D.)*, No. 07-cv-6070, 2007 WL 3253975 (W.D.N.Y. Nov. 2, 2007)).

7

Both *Sherr* and *Dumanis* held that the class action waiver provisions in the relevant arbitration agreements were valid and enforceable and rejected challenges to the waiver provisions where the plaintiffs failed to demonstrate how the inability to pursue arbitration on a class basis amounted to a bar.

*Sherr* is particularly instructive since the court rejected a similar argument presented by Plaintiff in the instant action. In *Sherr*, the plaintiff argued that, without the class action device, he and other consumers would be prevented, for all practical purposes, from pursuing their respective claims given the relatively low damage amounts. The court ruled, however, that "plaintiff is not entitled to a class action suit or class-wide arbitration to vindicate the rights of everyone else with a similar problem. The FAA's primary purpose is not to create a right to sue as a class. Its main purpose is to ensure that private agreements to arbitrate are enforced according to their terms." *Sherr*, 2006 WL 2109436, at *7 (internal quotation omitted). That same reasoning is compelling here.

Plaintiff's argument that the confidentiality provision of the arbitration agreement further warrants rejection of the class action waiver clause is equally unavailing. The Second Circuit has rejected challenges to confidentiality clauses in arbitration agreements because "confidentiality clauses are so common in the arbitration context that [an] 'attack on the confidentiality provision is, in part, an attack on the character of arbitration itself.'" *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008) (quoting *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 175 (5th Cir. 2004)). Accordingly, Plaintiff's argument cannot render the class action waiver provision unconscionable.

Even if the Court were to find Plaintiff has met her burden of demonstrating the prohibitive cost of arbitration in Utah warrants class action treatment, that does not negate the fact that Utah-based class action arbitration remains the proper forum. Simply severing the class action waiver

8

clause in the arbitration provision does not suddenly render Plaintiff's chosen New York federal court forum appropriate.

### C. The Forum Selection Clause in the Arbitration Provision Requires Claims Against Overstock to Be Venued in Utah

As demonstrated in Overstock's opening brief, the forum selection clause contained in the agreed-upon terms and conditions is valid and requires arbitration in Utah. In Plaintiff's opposition, she misapprehends the law regarding the venue for challenges to arbitration provisions where a forum selection clause sets venue. Under Section 4 of the FAA, this case must be transferred to the United States District Court for the District of Utah because the valid and enforceable arbitration agreement here contains a forum selection clause requiring parties to arbitrate in Utah. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) ("[T]his Circuit has concluded that where the arbitration agreement contains a forum selection clause, only the district court *in that forum* can issue a § 4 order compelling arbitration. Otherwise, the clause of § 4 mandating that the arbitration and the order to compel issue from the same district would be meaningless." (emphasis in original)); *see also Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214, 1219-20 (10th Cir. 2005) ("The majority view holds that where the parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration under § 4.").

In addition, for the reasons stated in Overstock's opening brief, the forum selection clause requires that this Court either dismiss or stay the present action, or transfer it to the United States District Court for the District of Utah. *See Provident Bank*, 141 F. Supp. 2d at 315; *Sea Spray*, 269 F. Supp. 2d at 363.

### D. Overstock Clearly Demonstrated That a Transfer Based Upon *Forum Non Conveniens* Is Warranted

As demonstrated in Overstock's opening brief, Utah is a more convenient and appropriate forum. In opposition, Plaintiff offers only unsupported and conclusory statements that are insufficient to defeat this motion. In addition, Plaintiff misconstrues the law regarding *forum non*

9

*conveniens*. Plaintiff's reliance on *New York Islanders Hockey, LLP v. Commercia Bank-Texas*, 71 F. Supp. 2d 108 (E.D.N.Y. 1999), for the requirements of establishing *forum non conveniens* is misplaced. That case, and its requirements, apply when a party files a motion to transfer venue from one federal district court to another where venue initially is proper. In the instant action, the initial venue selection is improper because the case was not filed in the United States District Court for the District of Utah as required under the forum selection clause in the arbitration agreement. Regardless, Overstock submitted an affidavit that identified two Overstock witnesses in Utah and their suggested testimony. The statements in this affidavit, in addition to the reasons set forth in Overstock's opening brief, are more than sufficient for the Court to determine that the interests of justice are served by a transfer to the more convenient forum of Utah.

## CONCLUSION

For the reasons set forth above, Overstock respectfully requests that this motion be granted, and that this case be dismissed in its entirety or stayed for all purposes pending resolution of Plaintiff's claims through arbitration. Alternatively, Overstock respectfully requests that this Court transfer venue of this action to the United States District Court for the District of Utah.

Dated: New York, New York
May 1, 2009

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: _____
Daniel S. Connolly

1177 Avenue of the Americas, 19th Floor
New York, New York 10036
Telephone:   (212) 508-6135
Facsimile:    (212) 938-3835

Attorneys for Overstock.com, Inc.

10