UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CYNTHIA HINES, on behalf of herself and
others similarly situated,
               Plaintiffs,

                       v.                    09 CV 991 (SJ)

                                                  ORDER

OVERSTOCK.COM, INC.,

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

A P P E A R A N C E S

HARRY I. KATZ, P.C.
61-25 Utopia Parkway
Fresh Meadows, NY 11365
By:    Harry I. Katz
         Victoria L. Weinman
Attorneys for Plaintiff

BRACEWELL & GIULIANI LLP
1177 Avenue of the Americas, 19th Floor
New York, NY 10036
By:    Rachel B. Goldman
         David John Ball
Attorneys for Defendant


JOHNSON, Senior District Judge:

      By Memorandum and Order dated September 4, 2009 ("September 4 Order"), the Court denied defendant Overstock.com, Inc.'s ("Defendant") motion to dismiss or stay for arbitration, or alternatively to transfer venue, holding that

1

Defendant failed to show that plaintiff Cynthia Hines had notice of the terms and conditions of use of Defendant's website.  (Dkt. No. 9.)  Defendant now requests that the Court grant it permission to file affidavits in support of its motion for reconsideration of the September 4 Order.

Local Civil Rule 6.3, which governs motions for reconsideration, provides that "[n]o affidavits shall be filed by any party unless directed by the court."  This rule reflects the law in the Second Circuit, which disfavors motions for reconsideration and narrowly construes the basis for reconsideration as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790); see also Allstate Ins. Co. v. Am. Home Prods. Corp., No. 01 Civ. 10715, 2009 WL 2876264, *4-5 (S.D.N.Y. Sept. 3, 2009).

Defendant concedes that the evidence it seeks to submit in support of its motion for reconsideration "was inadvertently and unintentionally omitted from the materials submitted in support of the underlying motion."  (Def. Letter of 9/16/2009 at 2.)  Thus, Defendant does not claim to have discovered new evidence, but rather seeks to offer evidence that, with any amount of due diligence, could have been submitted in support of the original motion to dismiss.  This is not the purpose of a motion for reconsideration.  See Mancuso v. Hynes, No. CV 07-

3446 (TCP) (ARL), 2008 WL 4891210, *1 (E.D.N.Y. Nov. 12, 2008) (Lindsay, M.J.) ("A motion for reconsideration is not an opportunity to present facts that were known to the party on the earlier motion"); Brown v. J.F.H. Mak Trucking, No. 95-CV-2118 JS, 1999 WL 1057274, *1 (E.D.N.Y. Nov. 8, 1999) (Seybert, D.J.) (motions for reconsideration "cannot be used as a vehicle to introduce new evidence that should have been set forth during the pendency of the prior motion or could have been discovered in the exercise of due diligence."); De los Santos v. Fingerson, No. 97 CIV. 3972 (MBM), 1998 WL 788781, *1-2 (S.D.N.Y. Nov. 12, 1998) ("the proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.").

Defendant's request to submit affidavits in support of its motion for reconsideration is therefore DENIED.

DATED:     September  22 , 2009            _____/s/_____
           Brooklyn, New York             Sterling Johnson, Jr, U.S.D.J.