**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**CYNTHIA HINES,**

                **Plaintiff,**

      -against-

**OVERSTOCK, COM, INC.,**

                **Defendant.**
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**09-CV-991 (SJ)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is an application filed by defendant Overstock.com, Inc. ("defendant") for a status conference or, in the alternative, for an order that, *inter alia*, would limit discovery to class certification issues unless and until a class is certified. See Letter to the Court from Jonathan D. Thier (June 18, 2010) ("Def. 6/18/10 Letter"); Letter to the Court from Jonathan D. Thier (June 22, 2010) ("Def. 6/22/10 Letter") at 2. Plaintiff Cynthia Hines ("plaintiff") opposes the defense request. See Letter to the Court from Harry I. Katz (June 21, 2010).

      In support of the defense request to bifurcate discovery, defendant argues that plaintiff's claims are not suitable for class treatment and that therefore defendant "views it as extremely unlikely that the District Court will ultimately see fit to certify this case as a class action." Def. 6/18/10 Letter at 2; see Def. 6/22/10 Letter at 1-2. Defendant does not, however, address the standard by which a motion to bifurcate discovery must be measured. In effect, defendant is seeking a stay of "merits" discovery pending resolution of the class certification issue, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Consequently, defendant bears the burden of establishing "good cause" for that form of protective order. See

Bodner v. Paribas, 202 F.R.D. 370, 372 (E.D.N.Y. 2000). Defendant has not sustained its burden.

Although, in many cases,

> bifurcating "class" from "merits" discovery is appropriate, there is no blanket requirement that discovery be structured in this manner. Whether merits discovery should await determination of class certification depends of the particular circumstances of each case.

Id. at 373. Thus, courts in this and other circuits have recognized that where discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes. See generally id. (collecting cases); accord In re Rail Freight Surcharge Antitrust Litig., 258 F.R.D. 167, 173-74 (D.D.C. 2009); Gray v. First Winthrop Corp., 133 F.R.D. 39, 41 (N.D. Cal. 1990). In this case, defendant has made no showing that discovery relating to class certification is entirely distinct from, and not enmeshed with, discovery relating to class certification.

Significantly, at the initial conference held on October 8, 2009, no request was made for bifurcated discovery, and the Court set a single deadline for fact discovery. See Minute Entry (Oct. 8, 2009). Defendant's change of counsel does not warrant restructuring the Court's scheduling order. The Court therefore declines to bifurcate discovery, particularly given the fact that discovery has already been stayed (albeit on consent) for more than five months, while defendant unsuccessfully appealed from the District Court's refusal to compel arbitration.

In rejecting defendant's request to bifurcate fact discovery, the Court is in no way

approving the scope of plaintiff's demands. See Bodner, 202 F.R.D. at 374 ("[T]o hold that discovery should proceed is not to say that any such discovery should not be appropriately narrowed."). According to defendant, the parties "continue to discuss the possibility of narrowing the scope of plaintiff's discovery requests," but their discussions have been stymied on account of their dispute over whether discovery should be staged. Def. 6/18/10 Letter at 1. Now that the Court has resolved that issue, the parties have an obligation to resume those discussions, in an effort to eliminate or at least limit their discovery disputes. See E.D.N.Y. Local Civ. R. 37.3(a).

Defendant also requests that the Court set interim discovery deadlines. See Def. 6/18/10 Letter at 2. Here again, defendant claims that the parties' disagreement with respect to the bifurcation issue makes it "unlikely that the parties will be able to agree on such interim dates without guidance from the Court." Id. As the bifurcation dispute has now been eliminated, the parties should endeavor to reach agreement on a schedule of interim discovery deadlines.

Finally, defendant states that it wishes to discuss with the Court a deadline for briefing the issue of class certification. See id. at 3. As part of their dialogue regarding interim deadlines, the parties should first try to agree upon a proposed briefing schedule.

For the foregoing reasons, defendant's request for a discovery conference is denied without prejudice.

**SO ORDERED.**

**Dated:** Brooklyn, New York
July 13, 2010

                                                 **ROANNE L. MANN**
                                                 **UNITED STATES MAGISTRATE JUDGE**